FILED
United States Court of Appeals
Tenth Circuit

April 6, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CHESTER L. BIRD,

       Petitioner - Appellant,

    v.

EDDIE WILSON, Warden, Wyoming
State Penitentiary,

       Respondent - Appellee.

No. 09-8073
(D. Ct. No. 2:09-CV-00133-CAB)
(D. Wyo.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Chester L. Bird, a Wyoming state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal from the dismissal of his habeas petition brought pursuant to 28 U.S.C. § 2241. We take jurisdiction under 28 U.S.C. § 1291, DENY Mr.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Bird's request for a COA, and DISMISS this appeal.

## I. BACKGROUND

In 1994, Mr. Bird was convicted in Wyoming state court of kidnaping and sexual assault and was sentenced to two concurrent life sentences. In March 2009, the Wyoming Department of Corrections ("WDOC") and the Virginia Department of Corrections ("VDOC") entered into a contract under the Interstate Corrections Compact ("ICC") whereby Mr. Bird was transferred from a WDOC facility to a VDOC facility. Mr. Bird was transferred back to a WDOC facility that May.

In his § 2241 petition, Mr. Bird claims that Wyoming is not a party state to the ICC; thus, the contract between the WDOC and the VDOC is void. He also contends that the contract violates Wyoming law and that he has been deprived of due process.

## II. DISCUSSION

A state petitioner may not appeal from a final order denying his § 2241 petition without first obtaining a COA. 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). When, as is the case here, the district court denies the petition on the merits, we will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

Mr. Bird has not made this requisite showing. As the district court reasoned, the contract was made pursuant to Wyo. Stat. Ann. § 25-1-105(e), which authorizes the WDOC to "enter into contracts and agreements with other states . . . for the confinement and maintenance of persons sentenced to the custody of the [WDOC] to serve a term of

imprisonment in a state penal institution."  Moreover, we have recognized that "[n]either the United States Constitution nor any federal law prohibits the transfer of an inmate from one state to another."  *Montez*, 208 F.3d at 865–66.  Finally, Mr. Bird identifies no constitutionally protected liberty or property interest affected by his transfer.  *See Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005) ("In order to establish a due process violation, [the claimant] must first demonstrate that he has been deprived of a constitutionally-protected liberty or property interest.").  Accordingly, reasonable jurists could not debate that Mr. Bird has failed to show a violation of his constitutional rights.

## III.  CONCLUSION

Mr. Bird's request for a COA is DENIED.  We GRANT his request to proceed in forma pauperis on appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge